WILLIAM A. BARTLETT *v.* THE NEW ORLEANS CANAL AND BANKING COMPANY.

Every note issued by a bank, promising to pay a given sum on demand, is a distinct and separate promise.

The penalty, provided by the twentieth section of the charter of the New Orleans Canal and Banking Company, which declares that if the company shall suspend or refuse to pay any of its notes, deposits, or other obligations in specie, that the party may recover interest at twelve per cent a year from the time of such suspension or refusal, cannot be recovered without a demand and failure to pay on the part of the company; and such interest can only be recovered from the time of the demand and failure.

The neglect or refusal by a Bank to pay its notes in specie, is only a *passive* violation of its contracts; and the mere announcement of its intention not to pay notes in specie, by a resolution suspending specie payments, cannot, consequently, be considered an *active* violation of its contracts.

Bartlett *v.* The New Orleans Canal and Banking Company.

APPEAL from the judgment of the Parish Court of New Orleans, *Maurian,* J.

*Devall,* for the appellant.

*C. M. Conrad,* and *F. B. Conrad,* for the defendants.

BULLARD, J. This is an action against the New Orleans Canal and Banking Company, *to* recover the amount of certain bank notes, together with twelve per cent interest thereon, since the general suspension of specie payments, in October, 1839. The notes in question were presented for payment by a notary public, on the 1st of February, 1842, who demanded the principal together with the interest, as above stated, which was refused as to the interest, but the principal was tendered in legal coin, and refused.

There was judgment for the plaintiff for the principal sum, but without any interest or costs, and he has appealed.

The clause of the charter, under which the plaintiff claims the interest, declares: 'That the said company shall *not* at any time suspend or refuse payment in current money of the United States of any of its notes, bills, or obligations, or of any money upon deposit; and if the said company shall at any time suspend or refuse payment as aforesaid, the holder of any such note, bill, or obligation, or the person or persons entitled to demand and receive such moneys as aforesaid, shall be entitled to receive interest thereon from the time of such suspension or refusal, until the same shall be fully paid, at the rate of twelve per çentum per annum.' Act of 5th March, 1831, sec. 20.

It is admitted that the bank suspended specie payments on the 19th of October, 1839.

We must regard every note issued by the bank, as a distinct promise to pay a given sum on demand; and the charter supplies the penalty, so far as it relates to the bill holder, in case of contravention by postponing, or suspending, or refusing to pay in specie, to wit, an interest at the rate of twelve per cent. If the whole were written on the face of the note, as it exists in contemplation of law, it would appear quite manifest, that the penalty, or damages, or interest could not be recovered without a demand, and failure to pay on the part of the bank, and that only from the putting in default. Such is the general rule, and the words of the charter do not make

this an exception. It is only on demand and refusal, that the bank is put in default, as it relates to particular notes.

But it is contended on the part of the plaintiff, that the bank, by a general suspension of specie payments, committed an active violation of its contract, and was in default *ipso facto ;* and he relies on article 1926 of the Code. The article preceding, defines what is an active violation of a contract. It consists in *doing something inconsistent* with the contract ; and a passive violation consists, in not doing what was covenanted to be done. The article relied on then provides, that when there is an active violation of the contract, damages are due from the act of contravention, and the debtor need not be put in default; and the succeeding article declares, that when the breach has been passive only, damages are due from the time the debtor has been put in default. According to these definitions, it would seem that the non-performance of what was covenanted, that is, not paying in specie, was merely a passive violation of the contract, unless a general notice, beforehand, of the intention of the bank not to pay, is to be considered as an active violation. If the neglect, or refusal to pay in specie, be only a passive violation, it is difficult to understand, how the mere announcement of an intention on the part of the bank not to pay, can be regarded as an active violation. It does not appear, but that these very notes would have been paid, if sooner demanded, as was offered to be done, when they were presented by the notary in the present case.

There is another reason, why the plaintiff should not recover back interest. It does not appear, that he was the owner of the notes, at the time that specie payments were suspended. They may have belonged, at that time, to persons who did not choose to enforce the penalty, or they may have been issued by the bank itself on the very day they were presented for payment by the notary. Such a construction would make the accessary independent of the principal, and authorize the recovery of interest by a person, who does not show himself entitled to the capital. We cannot suppose that the legislature intended to burden the whole circulation and deposits of a bank with an interest of twelve per cent, whether demanded or not. On the contrary, we think, it depends upon the will of the bill holders and depositors, to exact the penalty, or not,

and that their intention to do so, must be evidenced by a demand; and that the interest will run only from such demand and refusal.

*Judgment affirmed.*